**Affirmed and Opinion filed November 7, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00118-CR

**AHMAD PEYRAVI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 919251**

## O P I N I O N

Appellant was convicted in 2003 of the murder of his girlfriend, and this court affirmed his conviction. *See Peyravi v. State*, No. 14-03-00452-CR; 2004 WL 1834288 (Tex. App.—Houston [14th Dist.] Aug. 17, 2004, pet. ref'd) (not designated for publication). This is an appeal from the trial court's denial of appellant's post-conviction motion for DNA testing. In three issues, appellant argues the trial court erred in failing to (1) send a copy of his motion to the State

for a response; (2) hold a hearing on his motion, and (3) appoint counsel for him. We affirm.

At his trial, appellant admitted stabbing his girlfriend, but argued he acted in self defense. In affirming appellant's conviction, we found sufficient evidence to "support the implicit rejection of appellant's self-defense claim beyond a reasonable doubt." *Id*. at *3.

In his motion for DNA testing, appellant argued testing of the "brown handle kitchen knife" would reveal that his blood is on the knife, and would demonstrate that his deceased girlfriend was the initial aggressor, thus supporting appellant's self-defense claim. On appeal, appellant complains that the trial court did not comply with the requirements of chapter 64 of the Texas Code of Criminal Procedure before denying his motion for DNA testing.

In his second issue, appellant argues that the trial court abused its discretion by "ignoring appellant's motion [for DNA testing]" and "fail[ing] to hold a hearing to determine the issues…" We liberally construe appellant's brief to include a complaint that the trial court denied his motion. We review a trial court's decision on a motion for DNA testing under a bifurcated standard of review. *Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004). We afford almost total deference to the trial court's determination of issues of historical fact and issues of application of law to fact that turn on credibility and demeanor of witnesses. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We review de novo other issues of application-of-law-to-fact questions that do not turn on the credibility and demeanor of witnesses. *Id*.

A trial court is required to order DNA testing only if the requirements of Texas Code of Criminal Procedure article 64.03 are met, including the requirement that "identity was or is an issue in the case." Tex. Code Crim. Proc. art.

2

64.03(a)(1)(B); *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002). Appellant has not made the identity of the person who stabbed his girlfriend an issue; he admits he stabbed her to death, but argues DNA testing will prove he acted in self defense when he stabbed her.

The purpose of DNA testing under article 64.03 is to provide an avenue by which a defendant may seek to establish his innocence by excluding himself as the perpetrator of the offense. *See Blacklock v. State*, 235 S.W.3d 231, 232–33 (Tex. Crim. App. 2007) (exoneration by exclusion of a defendant as the DNA donor "is precisely the situation in which the Legislature intended to provide post-conviction DNA testing."). A trial court is not required to order DNA testing under circumstances where, as here, the appellant admitted to being the perpetrator but seeks to establish self-defense. *See Lyon v. State*, 274 S.W.3d 767, 769 (Tex. App.—San Antonio 2008, pet. ref'd). Because identity was and is not an issue, the trial court did not abuse its discretion in denying appellant's motion for post-conviction DNA testing.

Appellant is correct that upon receipt of a motion for DNA testing, the trial court must provide a copy of the motion to the prosecuting attorney, who, in turn, must either "deliver the evidence to the court" or explain why this cannot be done. Tex. Code Crim. Proc. art. 64.02. Presuming, without deciding, that the trial court failed to forward appellant's motion to the State, we conclude that any error was harmless because the trial court properly denied appellant's motion. *See In re McBride*, 82 S.W.3d 395, 396 (Tex. App.—Austin 2002, no pet.).

As to appellant's contentions that he did not receive a hearing or appointment of counsel, the trial court is required to conduct a hearing only after examining the results of testing. Appellant is not entitled to a hearing on his motion to order DNA testing. *See id.* at 397; *see* Tex. Code Crim. Proc. art. 64.04.

Further, appellant's entitlement to appointment of counsel for purposes of a post-conviction DNA motion is conditioned on the trial court's finding that reasonable grounds exist for filing the motion. *See Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011). Because identity was not at issue, appellant has failed to set forth reasonable grounds for filing the motion; therefore, the trial court's denial of appellant's request for appointment of counsel was not error.

Because the trial court properly denied appellant's motion for post-conviction DNA testing, the court's alleged failure to forward the motion to the State was harmless. Similarly, the court's alleged failure to hold a hearing on the motion or appoint an attorney was not error. We overrule appellant's three issues and affirm the judgment of the trial court.

/s/ Martha Hill Jamison
Justice

Panel consists of Chief Justice Kem Thompson Frost and Justices Boyce and Jamison.
Publish — TEX. R. APP. P. 47.2(b).