**Affirmed and Memorandum Opinion filed July 3, 2014.**



**In The**

# Fourteenth Court of Appeals

_____

### NO. 14-14-00035-CR

_____

### THOMAS DEWAYNE MORELAND, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 54671-1**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's denial of appellant's post-conviction motion for DNA testing. In a single issue, appellant argues the trial court erred in failing to appoint counsel. We affirm.

On May 8, 2008, appellant was convicted on his plea of guilty to murder and aggravated sexual assault. Pursuant to a plea bargain agreement with the State, the trial court sentenced appellant to confinement for 50 years. On October 9, 2013,

appellant filed a motion for DNA testing under article 64.01 of the Texas Code of Criminal Procedure. In his motion appellant requested testing of (1) a fingerprint on the victim's window; (2) a telephone cord; (3) a vegetable can alleged to have been used to hit the victim in the head, (4) a pair of pants alleged to contain the victim's blood; and (5) vaginal swabs from the victim.

The State responded, stating that appellant confessed to sexual intercourse with the victim. He further confessed to murdering the victim by hitting her with a green bean can and choking her. In his statement appellant claimed the victim's blood was on the black pants he had been wearing, and that he chewed through the telephone cord to prevent anyone from calling the police. The can found at the murder scene was checked for fingerprints, but none were found. The pants were retrieved from a storage unit, but were found not to have blood on them. DNA testing of the pants did not show DNA from appellant. DNA testing was conducted on the telephone cord and bean can, and appellant's DNA was found on both. Finally, DNA was conducted on vaginal swabs taken from the victim, and the results showed commingled DNA from the victim and appellant.

The trial court denied appellant's motion for DNA testing on the grounds that appellant (1) failed to establish that identity is or was an issue; (2) failed to show by a preponderance of the evidence that he would not have been convicted if exculpatory DNA results are obtained; and (3) failed to show that evidence previously subjected to DNA testing could be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test. The court denied appellant's request for appointment of counsel because he failed to "show reasonable grounds for the appointment of counsel as required under Article 64.01(c) of the Code of Criminal Procedure."

On appeal, appellant argues the trial court erred in failing to appoint counsel for the purpose of bringing his motion for DNA testing. Appellant argues that appointment of counsel is mandatory in a post-conviction proceeding seeking DNA testing if the convicted person proves he is indigent and informs the court he wishes to file a motion for DNA testing. Appellant cites *Winters v. Presiding Judge of the Crim. Dist. Ct. No. 3 of Tarrant County*, 118 S.W.3d 773 (Tex. Crim. App. 2003), in support of his request for appointment of counsel. The holding in *Winters*, however, was superseded by amendment to article 64.01 of the Code of Criminal Procedure. *See Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011) (recognizing that entitlement to appointment of counsel "used to be absolute, but it is now conditioned on the trial judge's finding 'that reasonable grounds exist for the filing of a motion.'").

The purpose of DNA testing under article 64.03 of the Code of Criminal Procedure is to provide an avenue by which a defendant may seek to establish his innocence by excluding himself as the perpetrator of the offense. *See Blacklock v. State*, 235 S.W.3d 231, 232–33 (Tex. Crim. App. 2007) (exoneration by exclusion of a defendant as the DNA donor "is precisely the situation in which the Legislature intended to provide post-conviction DNA testing."). A trial court is not required to order DNA testing under circumstances where, as here, the appellant admitted to being the perpetrator. *See Peyravi v. State*, — S.W.3d — 2013 WL 5947334 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (identity was not at issue where defendant admitted he stabbed his girlfriend, but claimed self-defense); *Lyon v. State*, 274 S.W.3d 767, 769 (Tex. App.—San Antonio 2008, pet. ref'd) (same). Because appellant judicially confessed to murder, identity was and is not an issue. The trial court did not abuse its discretion in denying appellant's motion for post-conviction DNA testing.

Appellant's entitlement to appointment of counsel for purposes of a post-conviction DNA motion is conditioned on the trial court's finding that reasonable grounds exist for filing the motion. *See Ex parte Gutierrez*, 337 S.W.3d at 889. Because identity was not at issue, appellant has failed to set forth reasonable grounds for filing the motion; therefore, the trial court's denial of appellant's request for appointment of counsel was not error. We overrule appellant's sole issue and affirm the trial court's judgment.


PER CURIAM


Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).