# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-15-00307-CR

---

**Randy Lin Ates, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
NO. D-1-DC-06-302099, HONORABLE KAREN SAGE, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In 2009, appellant Randy Lin Ates was convicted of three counts of aggravated sexual assault of a child and one count of indecency with a child by contact and sentenced to forty years' imprisonment. *See* Tex. Penal Code §§ 21.11, 22.021. In July 2014, Ates filed a motion for DNA testing, *see* Tex. Code Crim. Proc. art. 64.01, which the trial court denied.

Ates filed a timely notice of appeal on May 3, 2015. On December 1, after twice extending the time to file his brief, we sent Ates notice that his brief was overdue. On January 29, 2016, after receiving no response, we abated the appeal, asking the trial court to hold a hearing to determine whether Ates had abandoned his appeal and, if necessary, to appoint an attorney. *See* Tex. R. App. P. 38.8(b)(2). On February 3, the trial court entered findings of fact stating that Ates's motion for DNA testing did not specify the items he wanted tested; that there was no physical evidence introduced at trial; that the motion was denied "because there was nothing to test"; and

that a hearing on whether Ates had abandoned the appeal "would be fruitless, since there was no evidence to be tested, and the appeal has no possible merit." Since that time, we have received no further communications from Ates, and his brief has not been filed.

Rule 38.8(b) provides that when an appellant's brief is not filed in a criminal case, we must order the trial court to conduct a hearing to determine whether the appellant has abandoned his appeal, whether he is indigent, and if not, whether retained counsel has abandoned the appeal, and to enter appropriate findings and recommendations. *Id.* R. 38.8(b)(2), (3). We must then "act appropriately to ensure that the appellant's rights are protected," and if the trial court determines that the appellant is not indigent but has not made arrangements to file a brief, we "may consider the appeal without briefs, as justice may require." *Id.* R. 38.8(b)(4). Ates is indigent and, therefore, rule 38.8(b)(4) does not precisely fit this case.

However, when an indigent defendant files a motion for DNA testing, he has "a limited right to appointed counsel," which is conditioned on a determination that "'reasonable grounds exist for the filing of a motion.'" *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011) (quoting *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010)). The defendant need not prove his entitlement to DNA testing to obtain an appointed attorney, but he must "demonstrate reasonable grounds for the motion [for DNA testing] to be filed." *Atkins v. State*, No. 14-12-00482-CR, 2012 WL 6632333, at *3 (Tex. App.—Houston [14th Dist.] Dec. 20, 2012, pet. ref'd) (mem. op., not designated for publication); *see* Tex. Code Crim. Proc. art. 64.01(c) (trial court shall appoint counsel if it finds reasonable grounds for motion to be filed); *Gutierrez*, 337 S.W.3d at 889-902 (affirming denial of motion for DNA testing because defendant did not present reasonable grounds for requesting testing). "Basic requirements for post-conviction DNA

testing are that biological evidence exists, that evidence is in a condition that it can be tested, that the identity of the perpetrator is or was an issue, and that this is the type of case in which exculpatory DNA results would make a difference." *Gutierrez*, 337 S.W.3d at 891.

As grounds for requesting DNA testing, Ates's motion stated in full:

> Article 64.01(b) states that a Movant is entitled to request D.N.A. testing of evidence that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense but, (1) was not previously subjected to D.N.A. testing . . . and (2) through no fault of Movant and the interest of justice require testing.
>
> Consequently, Movant now request[s] the State to "deliver the evidence to the court, along with a description of the condition of evidence" as required by § 64.02 (2)(A) in order that Movant may use any exculpatory evidence gathered (through testing for D.N.A.) to prove his innocence.

(Ellipsis in original.) This motion does not approach the threshold of presenting reasonable grounds for requesting DNA testing. First, it did not include an affidavit containing facts in support of the motion.[1] *See* Tex. Code Crim. Proc. art. 64.01(a-1). Nor did it state what evidence should be tested,[2]

---

[1] Ates attached a signed document entitled "affidavit" that simply stated, "My name is RANDY ATES. and I am the affiant in the enclosed Motion for D.N.A. testing and I do declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the statements made by me in this Motion for D.N.A. testing are true and correct and are not made to harass anyone or delay the administration of Justice." This document does not present any facts that could support a request for DNA testing.

[2] *See, e.g.*, *Ex parte Gutierrez*, 337 S.W.3d 883, 888 (Tex. Crim. App. 2011) (defendant sought testing of blood samples, shirt, nail scrapings, and hair); *In re Weisinger*, No. 12-13-00205-CR, 2014 WL 5390660, at *3 (Tex. App.—Tyler Oct. 22, 2014, orig. proceeding) (mem. op., not designated for publication) (defendant sought testing of hammer handle); *Chavero v. State*, No. 13-13-00227-CR, 2014 WL 69954, at *2 (Tex. App.—Corpus Christi Jan. 9, 2014, pet. ref'd) (mem. op., not designated for publication) (defendant sought DNA testing on paper towel found in victim's car); *Peyravi v. State*, 440 S.W.3d 248, 249 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (defendant sought testing of knife handle); *Johnson v. State*, No. 14-10-01247-CR, 2011 WL 5009499, at *2 (Tex. App.—Houston [14th Dist] Oct. 20, 2011, no pet.) (per curiam) (mem. op., not

state that such evidence ever existed, state that the evidence still exists and could be tested, assert that identity was an issue in the case, or claim that Ates would not have been convicted had exculpatory DNA results been obtained. *See id*. art. 64.03. Ates's motion did not present reasonable grounds for filing the motion, and he thus did not establish his entitlement to an appointed attorney.

Because Ates is not entitled to appointed counsel under chapter 64 of the code of criminal procedure, we believe we can apply rule 38.8(b)(4) and consider the case without briefs. *See* Tex. R. App. P. 38.8(b)(4). And, for the same reasons we have determined Ates was not entitled to appointed counsel, we also hold that the trial court did not err in denying his motion for DNA testing. *See, e.g.*, *Ex parte Adbulkadir*, No. 07-12-00145-CR, 2013 WL 3771469, at *1 (Tex. App.—Amarillo July 11, 2013, pet. ref'd) (per curiam) (mem. op., not designated for publication) (because defendant did not meet basic requirements for DNA testing, court of appeals affirmed trial court's denial of motion for DNA testing). We affirm the trial court's order denying Ates's motion for DNA testing.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: June 8, 2016

Do Not Publish

---

designated for publication) (defendant sought testing of jacket, shoebox, and baggies).