

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| PHILLIP FORD, | § | No. 08-14-00211-CR |
|  | § |  |
| Appellant, | § | Appeal from the |
|  | § |  |
| V. | § | 292nd District Court |
|  | § |  |
| THE STATE OF TEXAS, | § | of Dallas County, Texas |
|  | § |  |
| Appellee. | § | (TC# F09-56554) |
|  | § |  |

## **O P I N I O N**

Phillip Ford appeals from an order denying his motion for DNA testing. We affirm.

### **FACTUAL AND PROCEDURAL SUMMARY**

In 2011, a jury convicted Appellant of aggravated assault with a deadly weapon. The trial court found both enhancement paragraphs true and assessed his punishment at imprisonment for twenty-five years. The Dallas Court of Appeals affirmed his conviction. *See Ford v. State*, No. 05-11-00530-CR, 2012 WL 3104380 (Tex.App.--Dallas July 11, 2012, no pet.)(not designated for publication). On August 19, 2013, Appellant filed a motion for DNA testing of the sword used in the commission of the offense. Appellant's motion is supported only by his own affidavit. The State filed its response which relied on the Fifth Court of Appeals' opinion and approximately forty-eight pages of the reporter's record from the trial. The following facts are taken from the

opinion and the excerpts from the reporter's record.

The complainant, Kenneth Stevenson, and Appellant were next-door neighbors, and Stevenson described their relationship as "acquaintances" rather than friends. *Ford*, 2012 WL 3104380, at *1. Stevenson knew Appellant as someone who would "fix cars . . . in the neighborhood" and Appellant had put brakes on Stevenson's truck. *Ford*, 2012 WL 3104380, at *1. The relationship changed after Stevenson began to believe Appellant had stolen something from him, and he decided that he no longer wanted to associate with Appellant. On July 4, 2009, Stevenson was moving his truck from a sunny location and parking it in the shade in front of his house when someone dropped off Appellant. Stevenson exited his truck and the two exchanged greetings. Appellant initially went to his house and unlocked the front door, but he became angry and approached Stevenson. Stevenson did not want to argue with Appellant, so he told him that his mind was made up and he did not want to have anything to do with him. In an attempt to avoid further confrontation, Stevenson walked away from Appellant and began watering some flowers. Appellant came onto Stevenson's property, but Stevenson told him that he did not want any trouble and to leave. When Appellant continued to argue, Stevenson told him to leave him alone and get off his property. Appellant refused to leave and Stevenson shoved Appellant back towards his own house. Appellant started swinging his fists at Stevenson and he then reached into his pants and pulled out a sword. Appellant began trying to cut Stevenson with the sword, so Stevenson started fighting back to defend himself. During the altercation, Appellant cut Stevenson's thigh and buttocks with the sword. Stevenson struck Appellant in the face and was able to pin him onto the ground. Stevenson's daughter came outside and hit Appellant with a two-by-four, and she was eventually able to take the sword away from Appellant and put it on the porch. *Ford*, 2012 WL

- 2 -

3104380, at * 1. After Appellant was disarmed, Stevenson let Appellant get up, and Appellant ran to a neighbor's house where he asked them to call the police because Stevenson and his daughter had assaulted him. *Id.* The neighbor retrieved her phone for Appellant, but the police and ambulance had already arrived by this time. *Id.* The police arrested Appellant for aggravated assault with a deadly weapon. *Id.*

## DENIAL OF POST-CONVICTION DNA TESTING

In his sole issue, Appellant contends that the trial court abused its discretion by denying the motion for DNA testing on the ground that Appellant failed to show that identity was and is an issue in the case.

*Applicable Law and Standard of Review*

To be entitled to DNA testing under Chapter 64, a convicted person must meet several requirements. *See* TEX.CODE CRIM.PROC.ANN. arts. 64.01, 64.03 (West Supp. 2017). The convicted person must submit to the convicting court a motion for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material. TEX.CODE CRIM.PROC.ANN. art. 64.01(a-1)(West Supp. 2017). The motion must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion. *Id.*

The convicting court may order DNA testing only if the court finds that: (1) the evidence still exists and is in a condition making DNA testing possible; (2) the evidence has been subjected to a chain of custody sufficient to establish it has not been substituted, tampered with, replaced, or altered in any material respect; (3) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; (4) identity was or is an issue in the case; (5) the

convicted person establishes by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing; and (6) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice. TEX.CODE CRIM.PROC.ANN. art. 64.03(a)(West Supp. 2017). The person requesting DNA testing bears the burden of proof on these issues and he must provide statements of fact in the affidavit to support his claims. *See Dinkins v. State*, 84 S.W.3d 639, 642 (Tex.Crim.App. 2002). General or conclusory statements will not satisfy this burden. *See Swearingen v. State*, 303 S.W.3d 728, 733 (Tex.Crim.App. 2010).

We review the trial court's ruling on a Chapter 64 issue under a bifurcated standard of review. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002). We afford the trial court almost total deference in the determination of historical facts and in the application of law to those facts when they turn on credibility and demeanor. *Id*. All other application-of-law-to-fact questions are reviewed *de novo*. *Id*.

*Motion for DNA Testing and Order Denying*

Appellant's motion for DNA testing generally alleged that: (1) there was evidence containing biological material secured in connection with his case;[1] (2) it was in the possession of the State during the trial; (3) the evidence was not subjected to DNA testing; (4) there is a substantial likelihood that DNA testing of the biological material would show that Appellant is not guilty of the aggravated assault charge; (5) identity was and is an issue in the case; and (6) there is a reasonably probability that Appellant would not have been convicted if exculpatory results were

---

[1] Appellant's motion did not identify the sword as the item of evidence he sought to have tested.

obtained through DNA testing. Appellant's affidavit offered in support of his motion mirrors the general allegations set forth in his motion. It states, in pertinent part, as follows:

> I am Phillip Ford. On March 30, 2011, I was convicted of the offense of aggravated assault and on April 15, 2011 I was sentenced to twenty-five years in the penitentiary in this case.
>
> I state that the following is true and correct:
>
> 1. To the best of my knowledge, there was evidence obtained in relation to these cases that consisted of biological material. This evidence was in the possession of the State.
>
> 2. The evidence, to the best of my knowledge, was not subjected to DNA testing. The testing not being done was through no fault of my own.
>
> 3. The ultimate question in this case was whether I, Phillip Ford, committed the offense of aggravated assault as alleged in Cause Number F09-56554-V. There is a reasonable probability that it would show that I did not commit this offense if testing was performed on the biological material.
>
> 4. I make this request in the interest of justice and not to unreasonably delay the execution of sentence or administration of justice.

The trial court concluded in its order that Appellant failed to meet his burden of proof under Chapter 64 of the Code of Criminal Procedure. The court specifically found that (1) identity is not and was not an issue in the case; (2) SWIFS[2] was never in possession of any evidence that could have been subjected to DNA testing that would have in any way proven that Appellant did or did not commit the charged offense; (3) there is currently no evidence which can be subjected to DNA testing; and (4) testing of the sword would not in any way prove that Appellant did or did not commit the offense because Appellant claimed on appeal that he had acted in self-defense.

*No Reasonable Likelihood Evidence Contained Biological Material*

---

[2] SWIFS stands for Southwestern Institute of Forensic Sciences.

To be entitled to DNA testing, Appellant was required to submit a motion and supporting affidavit to the convicting court for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material. *See* TEX.CODE CRIM.PROC.ANN. art. 64.01(a-1). Appellant's motion did not specify that he sought to have the sword tested or the nature of the biological material, but the trial court appeared to understand that the sword was the sole focus of Appellant's request for DNA testing. Assuming for the sake of argument that Appellant requested that the sword be tested for DNA deposited by the touch of the perpetrator, he did not offer any scientific proof that DNA would necessarily have been deposited on the sword by the person who held it. *See Swearingen*, 303 S.W.3d at 732-33 (capital defendant failed to prove he was entitled to forensic DNA testing of ligature and articles of clothing, even though testimony supported the fact that the perpetrator touched the items sought to be tested, where defendant made only a general claim that biological material could be found from that touching, and no expert testimony or scientific data was presented to support the conclusion that DNA would necessarily be deposited). Because Appellant failed to carry his burden of proving that there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing, the trial court did not err by denying Appellant's motion for DNA testing.

### *Identity is Not an Issue*

We turn now to Appellant's primary argument. Appellant challenges the trial court's conclusion that identity is not and was not an issue in the case by focusing on the evidence presented by the State in its response. Review of this issue must begin with the sufficiency of Appellant's motion and affidavit because he had the burden of proof. While Appellant's motion

makes a conclusory statement that "[i]dentity was and is an issue in this case," his affidavit does not set forth any facts in support of this statement. Because Appellant made only conclusory statements and failed to provide facts in support of his motion, he did not show that identity either was or is an issue in the case. *See Swearingen*, 303 S.W.3d at 733; *Dinkins*, 84 S.W.3d at 642. Examination of the evidence submitted by the State with its response also shows that identity was not an issue at trial or on appeal. Multiple witnesses, including a witness called by Appellant, identified him as the person involved in the fight with the complainant Stevenson. The complainant Stevenson identified Appellant at trial as the person who assaulted him with the sword. Appellant called another neighbor, Curtis Clay, as a witness. Clay testified that when he came out of his house, he saw Appellant defending himself against two people who were striking him with two-by-fours. The evidence also showed that Appellant was present at the scene when the ambulance and police arrived, and he was arrested for aggravated assault after admitting to a police officer that he had been involved in the altercation with Stevenson. Appellant also told the officer that he was the person who had used the sword. During cross-examination of the complainant, Appellant established the basis for the animus between the complainant and Appellant, namely, that the complainant had accused Appellant of being a thief, and he further showed that the complainant struck Appellant first and beat him with his fists before Appellant pulled out the sword. Thus, there was never any issue at trial that it was Appellant who was involved in the altercation with Stevenson. The only issue was whether Stevenson was the first aggressor. On appeal, Appellant challenged the sufficiency of the evidence supporting his conviction by arguing that the evidence showed he had struck Stevenson with the sword in self-

defense. *Ford*, 2012 WL 3104380, at \*1-2. The Dallas Court of Appeals rejected this argument and found the evidence sufficient to support Appellant's conviction. *Id.*, 2012 WL 3104380, at \*2-3.

Citing *Blacklock v. State*, 235 S.W.3d 231 (Tex.Crim.App. 2007), Appellant argues that the trial testimony identifying him as the assailant does not preclude him from asserting that identity is an issue in the case. In *Blacklock*, the defendant was convicted of aggravated robbery and aggravated sexual assault. *Blacklock*, 235 S.W.3d at 232. The victim knew the defendant and identified him at trial as the person who robbed and sexually assaulted her. *Id.* The State presented evidence at trial showing that DNA testing of semen from the victim's vaginal smears was inconclusive on the issue of identity. *Id.* Blacklock filed a motion for DNA testing of the previously-tested semen from the victim's vaginal smears and of semen left on the victim's clothing. *Id.* Both the convicting court and the court of appeals concluded that identity was not an issue because the victim knew the defendant and identified him as her attacker. *Id.* The Court of Criminal Appeals reversed. It held that the motion for DNA testing and evidence presented showed that the victim's lone attacker is the donor of the material for which the defendant sought DNA testing, and therefore, exculpatory DNA test results which excluded the defendant as the donor of this material, would establish his innocence. *Id.* Further, the Court held that the victim's identification of the defendant as her attacker is irrelevant to the question whether the DNA motion made his identity an issue and whether it shows that exculpatory DNA tests would prove his innocence. *Id.*

Appellant also relies on *Esparza v. State*, 282 S.W.3d 913 (Tex.Crim.App. 2009). In

*Esparza*, Guadalupe Rios, and her aunt, Hermina Cantu Lucero, traveled from Bryan, Texas, to a club in Houston one evening. *Esparza*, 282 S.W.3d at 914-15. Lucero spent the evening drinking and dancing with the defendant. *Id.* at 914. When the women got ready to leave late that evening, they discovered that Rios' car had been towed, and they accepted the defendant's offer to give them a ride to the impound lot. *Id.* at 915. The defendant assaulted both women, but Lucero managed to run away. *Id.* at 915. The defendant sexually assaulted Rios and eventually dropped her off at a corner somewhere in Houston. *Id.* at 915-16. Rios found a convenience store and called the police. *Id.* at 916. She was taken to a hospital and later reunited with Lucero who had also called the police. *Id.* At the hospital, a sexual assault exam was performed and the nurse collected biological samples from Rios' vagina and fingernails. *Id.* Rios could not identify Esparza as her attacker, but Lucero picked him out of a photo lineup approximately one month after the offense. *Id.* Lucero hesitated when presented with the photo lineup because her attacker had facial hair and Esparza did not have facial hair in the photo. *Id.* She made a positive identification of Esparza during trial as her attacker. *Id.* Esparza presented an alibi defense at trial. *Id.* at 916-17. No DNA evidence was admitted at trial. *Id.* at 917. A jury found Esparza guilty and sentenced him to life imprisonment.

Esparza filed a motion for DNA testing alleging that the biological evidence was never subjected to DNA testing, and testing would show that he is innocent. *Id.* at 918. The State filed a response in which it admitted that the biological evidence existed, but it maintained that Rios had sex two days before the offense, and consequently, there was a possibility that some unknown third party's DNA could be found on the biological evidence. *Id.* Thus, it argued that any DNA

not contributed by Esparza would not be exculpatory because it could be attributed to the person with whom the complainant had sex prior to the offense. *Id.* The convicting court denied the motion for DNA testing and the court of appeals affirmed. *Id.* at 919. The Court of Criminal Appeals reversed because it found a lack of factual and scientific evidence supporting the State's position. *Id.* at 921-22. Citing *Blacklock*, the Court also held that "Lucero's and Cantu's eye-witness identification of Esparza is of no consequence in considering whether Esparza has established that, by a preponderance of the evidence, exculpatory DNA tests would prove his innocence." *Id.* at 922. The Court also stated that in sexual assault cases, any overwhelming eye-witness identification and strong circumstantial evidence supporting guilt is inconsequential when assessing whether a convicted person has sufficiently alleged that exculpatory DNA evidence would prove his innocence under Article 64.03(a)(2)(A). *Id.*

We conclude that both *Blacklock* and *Esparza* are distinguishable because they are sexual assault cases involving biological evidence deposited in and on the victim by the attacker. It is well known and scientifically-accepted that there is a reasonable likelihood that the assailant's DNA may be found in the biological evidence collected during a sexual assault exam. An issue of identity existed in both cases at trial, and the defendants established by a preponderance of the evidence that exculpatory DNA test results would prove their innocence. The instant case does not involve sexual assault or the type of biological material at issue in *Blacklock* and *Esparza*. It is significant that Appellant failed to establish the nature of the DNA evidence he sought to have tested. We assume Appellant intended to have the sword examined for DNA deposited by the perpetrator's touch, but he did not offer any evidence to show that this is even possible. The cases

are further distinguishable because, unlike what occurred here, neither defendant admitted to the police that he was the person involved in the offense, and neither of them asserted self-defense at trial or on appeal.

Courts have consistently held that when the defendant asserts self-defense at trial, identity is not an issue in the case. *See Peyravi v. State*, 440 S.W.3d 248, 249-50 (Tex.App.--Houston [14th Dist.] 2013, no pet.)(identity was not an issue because the defendant admitted stabbing his girlfriend but claimed self-defense); *Birdwell v. State*, 276 S.W.3d 642, 646 (Tex.App.--Waco 2008, pet. ref'd)(identity was not an issue because the defendant claimed that he stabbed the victim in self-defense); *Lyon v. State*, 274 S.W.3d 767, 770 & n.1 (Tex.App.--San Antonio 2008, pet. ref'd)(same); *Reger v. State*, 222 S.W.3d 510, 514 (Tex.App.--Fort Worth 2007, pet. ref'd) (identity was not an issue where defendant admitted to shooting victim in self-defense). Because Appellant never contested his involvement in the altercation with Stevenson at trial, but rather sought to show that Stevenson was the first aggressor in the dispute, and he presented a self-defense argument on appeal, the trial court properly concluded that identity was not an issue in the case. We overrule Appellant's sole issue and affirm the trial court's order denying Appellant's motion for DNA testing.

November 29, 2017

                         YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., Not Participating

(Do Not Publish)