# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00099-CR

---

**Justin Edward Panus, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 16-2610-K368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Justin Edward Panus is serving a life sentence for aggravated kidnapping and unlawful possession of a firearm by a felon. *See Panus v. State*, No. 03-17-00719-CR, 2018 Tex. App. LEXIS 7015, at *1, *20 (Tex. App.—Austin Aug. 30, 2018, pet. ref'd) (mem. op., not designated for publication) (affirming both convictions). He filed a motion for postconviction forensic DNA testing that included a request for court-appointed counsel under chapter 64 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 64.01(a-1), (c). The district court signed an order denying the motion.[1]

On appeal, Panus contends that the district court abused its discretion by: (1) not issuing findings in support of its ruling; (2) not complying with article 64.02(a) concerning

---

[1] We previously abated this appeal and remanded the cause to the district court for entry of an order. *Panus v. State*, No. 03-20-00099-CR, 2020 Tex. App. LEXIS 2612, at *1 & n.1 (Tex. App.—Austin Mar. 31, 2020, no pet.) (mem. op., not designated for publication) (noting that docket entry dated "01/17/2020" would not substitute for signed order on motion).

notice to the State's attorney and action by the State's attorney in response to the motion; and (3) denying the motion for DNA testing. We will affirm the district court's order.

**BACKGROUND**

The evidence presented during Panus's trial was discussed fully in our opinion affirming both his convictions. *See Panus*, 2018 Tex. App. LEXIS 7015, at *1-4. Briefly, these offenses involved Panus's abduction of his ex-girlfriend Christina Cooper from the home of her fiancé Matthew Gauthier in the early morning hours of September 25, 2016, and Panus's possession of a pistol when arrested. *Id.* at *1-2, *4.

The jury heard Cooper's firsthand account about Panus's commission of the aggravated-kidnapping offense, supported in part by Gauthier's testimony about the events he witnessed and law enforcement officers' testimony about their investigation. *Id.* at *19-20. Cooper testified about Panus's confrontation of her at the house, his abduction of her, and her eventual escape from him. *Id.* at *4. Panus used a gun to barge into the house, threatened Gauthier at gunpoint, dragged Cooper out of the house, and forced her into his truck.[2] *Id.* at *2. Panus placed the gun on his lap, visible to Cooper, while he drove. *Id.* During the drive to his apartment, Panus hit Cooper's face with the gun and threatened her, "If we get out and you make a scene, I swear to God I'll kill you right here." *Id.* When Panus parked the truck at his apartment complex and got out, Cooper escaped from the passenger side and ran away. *Id.*

The jury also heard testimony as to Panus's commission of the unlawful-possession-of-a-firearm offense. Detective Woodson Blase testified about his part of the investigation to locate and arrest Panus. *Id.* at *4. Detective Blase stated that Panus refused to

---

[2] The gun used in the kidnapping was admitted into evidence during trial as State's Exhibit 57.

2

comply with police commands to show his hands when they approached him and that Panus reached toward his waistband, where officers found a subcompact pistol.  *Id.*  This firearm was not the one involved in the kidnapping.[3]  Defense counsel pointed this out during a bench conference, when he objected that Detective Blase's testimony was irrelevant "to whether or not [Panus] used a deadly weapon in the kidnapping" and that "the weapon that was used in this event" had already been identified.  *Id.* at *2, *8.  After hearing the evidence, the jury convicted Panus of aggravated kidnapping and unlawful possession of a firearm by a felon as charged in the indictment.

Panus filed a postconviction motion for DNA testing.  The district court denied the motion and implicitly, the embedded request for court-appointed counsel.[4]  This appeal followed.

## DISCUSSION

Panus contends that the district court abused its discretion by: (1) not issuing findings in support of its ruling; (2) not complying with article 64.02(a) concerning notice to the State's attorney and action by the State's attorney in response to the motion; and (3) denying the motion for DNA testing.

**Forensic DNA Testing Under Chapter 64**

Chapter 64 of the Code of Criminal Procedure provides that "[a] convicted person may submit to the convicting court a motion for forensic DNA testing of evidence that has a

---

[3]  The pistol that Panus had when he was arrested was admitted into evidence as State's Exhibit 62.

[4]  Panus does not complain about his lack of court-appointed counsel for the DNA-testing motion.

reasonable likelihood of containing biological material." Tex. Code Crim. Proc. art. 64.01(a-1).

But "a person's effort to secure testing under Chapter 64 does not involve any constitutional

considerations," *Ex parte Gutierrez*, 337 S.W.3d 883, 892 (Tex. Crim. App. 2011), and "there is

no free-standing due-process right to DNA testing," *Ramirez v. State*, 621 S.W.3d 711, 717 (Tex.

Crim. App. 2021). Rather, post-conviction forensic DNA testing is authorized only if certain

statutory requirements are met. *See* Tex. Code Crim. Proc. arts. 64.01, .03. The convicting court

must order DNA testing under chapter 64 only if it finds that:

> 1. the evidence "still exists and is in a condition making DNA testing possible";
>
> 2. the evidence "has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect";
>
> 3. "there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and"
>
> 4. "identity was or is an issue in the case[.]"

*Ramirez*, 621 S.W.3d at 717 (quoting Tex. Code Crim. Proc. art. 64.03(a)(1)). Further, the

convicted person must establish by a preponderance of the evidence that:

> 1. he "would not have been convicted if exculpatory results had been obtained through DNA testing; and"
>
> 2. "the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice."

*Id.* at 717-18 (quoting Tex. Code Crim. Proc. art. 64.03(a)(2)).

In reviewing a ruling on a chapter 64 motion for DNA testing, we give "almost

total deference to the judge's resolution of historical fact issues supported by the record and

4

application-of-law-to-fact issues turning on witness credibility and demeanor." *Id.* But when, as here, a live hearing is not convened, witness testimony is not presented, and "the trial record and affidavit of the Appellant are the only sources of information supporting the motion," "the trial court is in no better position" than an appellate court to decide the issues, and our review is de novo. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005); *Weems v. State*, 550 S.W.3d 776, 779 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Panus's postconviction motion for DNA testing concerns a Smith & Wesson 9mm handgun that was admitted into evidence during trial as State's Exhibit 57. According to Panus, testing of that handgun would produce "exculpatory results" showing that he did not strike Cooper with it. He contends that if he had "hit Cooper with the handgun in the manner described by her, and with such force as to cause a wound, there would be blood and skin tissue on the handgun" and that the absence of such DNA would establish that he did not strike her. He further contends that Gauthier caused Cooper's injury and that he was "attempting to save Cooper from Gauthier's abuse."

However, Panus does not allege that identity was or is an issue in the case or that he would not have been convicted if exculpatory DNA testing results had been obtained. *Cf.* Tex. Code Crim. Proc. art. 64.03(a); *see Ex parte Gutierrez*, 337 S.W.3d 883, 891 (Tex. Crim. App. 2011) (noting that reasonable grounds for testing are not present "if identity was not or is not an issue"); *see also* Tex. Code Crim. Proc. art. 64.03(a)(1)(C). Additionally, Panus failed to show that DNA testing under chapter 64 would establish by a preponderance of the evidence that he would not have been convicted. *See* Tex. Code Crim. Proc. art. 64.03(a)(2)(A); *see Swearingen v. State*, 303 S.W.3d 728, 732 (Tex. Crim. App. 2010) (vacating trial court's order for DNA testing under chapter 64 and noting that convicted person could not establish by

preponderance of evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing). Moreover, the record does not support Panus's assertion that testing the handgun for the presence of Cooper's DNA would produce "exculpatory results."

"[E]xculpatory results" means "only those results excluding the convicted person as the donor of this material." *LaRue v. State*, 518 S.W.3d 439, 446 (Tex. Crim. App. 2017). "A 'favorable' DNA test result must be the sort of evidence that would affirmatively cast doubt upon the validity of the inmate's conviction." *Gutierrez*, 337 S.W.3d at 892. "[I]f DNA testing would not determine the identity of the person who committed the offense or would not exculpate the accused, then the requirement of Article 64.03(a)(2)(A) has not been met." *Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008); *see Peyravi v. State*, 440 S.W.3d 248, 249 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("The purpose of DNA testing under article 64.03 is to provide an avenue by which a defendant may seek to establish his innocence by excluding himself as the perpetrator of the offense.").

Here, the record shows that Cooper and Gauthier identified Panus during trial as the perpetrator of the kidnapping, and on direct appeal, there was no issue as to the sufficiency of the evidence proving Panus's identity as the kidnapper. *See Panus*, 2018 Tex. App. LEXIS 7015, at *1, *4, *19-20. Panus does not suggest otherwise but claims that he was only "attempting to save Cooper" from Gauthier's abuse. The DNA testing that Panus sought—to show the alleged absence of Cooper's DNA on the handgun admitted as State's Exhibit 57— would not exculpate him for the aggravated kidnapping of Cooper or for the unlawful possession of the firearm admitted as State's Exhibit 62. *Cf. Prible*, 245 S.W.3d at 470.

In sum, Panus failed to show that identity was an issue in this case or that favorable DNA testing of the handgun would "affirmatively cast doubt upon the validity of [his]

6

conviction" for aggravated kidnapping or unlawful possession of a firearm by a felon. *Cf. Gutierrez*, 337 S.W.3d at 892. Thus, Panus failed to establish his entitlement to DNA testing under articles 64.01(b)(1) and 64.03(a), and the district court correctly denied Panus's motion for postconviction forensic DNA testing. *See Ramirez*, 621 S.W.3d at 717 (recognizing that "a court must order testing only if the statutory preconditions are met"). We overrule Panus's third issue.

**Findings Supporting Ruling**

Panus also contends that the district court abused its discretion by not issuing findings in support of its ruling denying forensic DNA testing. He states that "the 14th Amendment requires that when a statutory right to appeal is granted, that review must be effectual and meaningful" and that his appeal cannot be meaningful without trial-court findings providing "the specific basis as to why the trial court reached its conclusion." Additionally, he asserts that the Due Process Clause of the 14th Amendment applies to this appeal because article 64.05 provides for an appeal from a trial court's denial of a motion for forensic DNA testing.

But "[n]othing in article 64.03 or the rest of chapter 64 requires the trial judge to make written findings when denying a defendant's motion for forensic DNA testing." *Dixon v. State*, 242 S.W.3d 929, 933 (Tex. App.—Dallas 2008, no pet.). Our review in this appeal is de novo, and our determination does not depend on any issue requiring deference to the trial court. *See Smith*, 165 S.W.3d at 363; *Weems*, 550 S.W.3d at 779. Finally, no constitutional considerations are involved in a person's effort to secure chapter 64 testing. *Ex parte Gutierrez*, 337 S.W.3d at 892. Because Panus made no showing that the district court was required to issue findings supporting its denial of forensic DNA testing, we overrule Panus's first issue.

**Notice of and Response to Motion**

Lastly, Panus contends that the district court abused its direction by not complying with article 64.02(a) concerning notice to the State's attorney and action by the State's attorney in response to the motion. *See* Tex. Code Crim. Proc. art. 64.02(a)(2) (directing convicting court to provide State's attorney with copy of motion for DNA testing and to require State's attorney to deliver evidence to court with description). Panus complains that the district court originally denied his motion for DNA testing on January 2, 2020, "the very day that the motion was filed," thereby showing its noncompliance with section 64.02(a). However, Panus does not explain how he was harmed by the alleged noncompliance. On this record, we conclude that he cannot do so.

The record reflects an undated notation of "denied" on Panus's motion for DNA testing and a docket entry showing that the motion was denied on "01/17/2020," more than two weeks after it was filed. *See Panus v. State*, No. 03-20-00099-CR, 2020 Tex. App. LEXIS 2612, at *1 & n.1 (Tex. App.—Austin Mar. 31, 2020, no pet.) (mem. op., not designated for publication). We abated this appeal for entry of a written order, *see id.* at *1, and on April 2, 2020, the district court signed an order denying Panus's motion. Thus, the record does not show that the motion for DNA testing was denied "the very day that the motion was filed."

Significantly, we have determined that the district court properly denied Panus's motion because Panus failed to meet certain threshold requirements for DNA testing under chapter 64; specifically, not showing that "identity was or is an issue in the case," *see* Tex. Code Crim. Proc. art. 64.03(a)(1)(C), and not showing, by a preponderance of the evidence, that he "would not have been convicted if exculpatory results had been obtained through DNA testing," *see id.* art. 64.03(a)(2)(A). Given our determination that denial of the motion for DNA testing

8

was proper, nothing shows that Panus was harmed by the alleged lack of notice to and response from the State's attorney before the deficient motion was denied. *See Peyravi*, 440 S.W.3d at 250 (concluding that "[b]ecause the trial court properly denied appellant's motion for post-conviction DNA testing, the court's alleged failure to forward the motion to the State was harmless"); *In re McBride*, 82 S.W.3d 395, 396 (Tex. App.—Austin 2002, no pet.); *see also Engle v. State*, No. 06-19-00214-CR, 2020 Tex. App. LEXIS 5862, at *3-4 (Tex. App.—Texarkana July 28, 2020, no pet.) (mem. op., not designated for publication). Accordingly, we overrule Panus's second and final issue.

## CONCLUSION

We affirm the district court's order.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Smith

Affirmed

Filed: January 26, 2022

Do Not Publish